IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PENNY PITTS,

                Plaintiff,

v.                                                               ORDER

CAROLYN W. COLVIN,                            15-cv-518-jdp
Acting Commissioner of Social Security,

                Defendant.

        Plaintiff Penny Pitts seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court heard oral argument on July 18, 2016. For reasons explained during the hearing and summarized here, the court will deny Pitts's motion for summary judgment and affirm the Commissioner's decision.

        Pitts applied for disability insurance benefits and supplemental security income after fracturing her neck in a car accident. R. 71.[1] During the ALJ hearing, Pitts briefly mentioned that she has experienced some memory problems as a result of that accident. R. 55. Plaintiff also testified that she has experienced panic attacks and that she has had trouble concentrating. R. 57-58.

        Pitts raises one primary issue on appeal: she contends that the ALJ did not orient the vocational expert (VE) to her moderate limitations in maintaining concentration, persistence, or pace (CPP). At step three of the sequential evaluation, the ALJ determined that Pitts experiences moderate limitations in CPP. R. 24. The ALJ relied on findings and opinions by

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

Susan Donahoo, PsyD, a non-examining state agency psychological consultant, R. 24 (citing Ex. 7A), and the ALJ also considered Pitts's complaints concerning memory and confusion problems, R. 24-25. The ALJ's first hypothetical to the VE mirrored the residual functional capacity (RFC) that the ALJ eventually adopted. R. 64-65.

The ALJ must orient the VE to the claimant's CPP limitations. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620-21 (7th Cir. 2010) ("[T]he ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do."). Although the ALJ does not need to use the magic words "concentration, persistence, or pace," the record must show that the VE was somehow aware of those limitations. *Yurt v. Colvin*, 758 F.3d 850, 857-58 (7th Cir. 2014). The ALJ in this case did use the magic words "concentration, persistence, or pace" with the VE, but Pitts contends that the ALJ did not apprise the VE of her actual limitations within that broad category.

The ALJ's opinion here is not a model of clarity or thoroughness. But with regard to the issue that Pitts presses in this case, the ALJ did orient the VE to Pitts's specific CPP limitations. The ALJ explicitly told the VE that the hypothetical individual would have "moderate psychological limitations [in] activities of daily living, socialization, concentration, persistence, or pace." R. 65. And beyond explicitly identifying that Pitts experiences moderate limitations in CPP, the ALJ identified how the limitations affect her ability to work: she is able to "satisfactorily sustain simple, routine, and repetitive employment," and understand, carry out, and remember simple instructions. R. 25, 65. These limitations are

2

tailored to the CPP problems that Dr. Donahoo set out in her opinion, which the ALJ substantially credited. R. 102-03.

The court is well aware that the Seventh Circuit has repeatedly rejected the notion that limiting a claimant to simple, routine tasks automatically accounts for moderate limitations in CPP. *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). More often than not, limiting a claimant to simple, routine, repetitive work would not fully account for the temperamental and cognitive limitations of a claimant deemed to have moderate limitations in CPP.

But simple, routine, and repetitive work may appropriately accommodate moderate limitations in CPP if that limitation would address the claimant's specific deficiencies. *Yurt*, 758 F.3d at 858 ("[W]e allowed the hypothetical in *Johansen* to stand despite its omissions because its description of 'repetitive, low-stress work' specifically excluded positions likely to trigger the panic disorder that formed the basis of the claimant's limitations in concentration, persistence, and pace."). Here, record evidence regarding Pitts's mental limitations is scant, because she had apparently not reported mental symptoms to her care providers. But the ALJ specifically incorporated the evidence in the record. Dr. Donahoo specifically opined that Pitts's moderate limitations in CPP manifest as moderate limitations in her ability to understand, carry out, and remember detailed instructions, and that she would benefit from "increased context, repetition and hands-on cues." R. 102. The ALJ explicitly oriented the VE to the fact that Pitts experiences moderate limitations in CPP, and he also asked the VE to consider that she has difficulty understanding, carrying out, and remembering complex, non-repetitive tasks. Dr. Donahoo also explained that Pitts would experience some pace limitations—"her thought processes demonstrated some paucity of ideas and slower

thinking"—and in this context Dr. Donahoo emphasized that she would benefit from "repetition and well outlined ideas." R. 102. So the limitations in the RFC are reasonably matched to the deficiencies that Dr. Donahoo ascribed to Pitts.

At the oral argument in this court, Pitts's counsel could not identify any specific CPP limitation that the ALJ had failed to include in the hypothetical to the VE (and, consequently, in the RFC). Counsel argued only that the concept of "repetitive" tasks was so vague that one cannot be sure that repetitive tasks would address Pitts's pace problems (which Dr. Donahoo attributed to her slower thinking). But at this point, the court is not aware of any case law or regulation that would require the ALJ to define "repetition" with greater precision so as to specify for the VE what kinds of repetitive tasks the claimant could perform. At the hearing before the ALJ, the VE expressed no confusion or uncertainty when the ALJ limited the hypothetical to "repetitive" work. R. 65. Pitts's counsel at the hearing did not object to the hypothetical and he did not attempt to clarify the scope of repetitive work with further questions.

The ALJ adequately identified the ways in which Pitts's moderate limitations in CPP affect her ability to work. The ALJ could have more clearly and thoroughly explained what memory and confusion problems were supported by the record. The ALJ could also have explained more clearly and thoroughly how the limitations he included in the RFC redressed Pitts's limitations. But he did enough to get by and his determination is supported by substantial evidence in the record.

At oral argument, the court expressed concerns with other aspects of the ALJ's decision, although none of them warranted remand. The ALJ's reasons for discounting the opinion of Charles Moore, PsyD (the examining state agency psychological consultant) are

4

not well explained. The ALJ discredited Dr. Moore's opinion because it was based on a one-time examination of the claimant. But that would be a criticism that could be leveled at virtually any consulting examiner in Social Security cases. The ALJ also criticized Dr. Moore for relying on Pitts's subjective reports, which might have been a sound reason, had the ALJ thoroughly explained his evaluation of Pitts's credibility. But Pitts did not challenge the ALJ's credibility determination on appeal. In any case, the ALJ's evaluation of Pitts's credibility is not patently wrong, because the record evidence did not show that Pitts had ever reported symptoms of anxiety, depression, or other mental limitations.

## ORDER

IT IS ORDERED that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Penny Pitts's application for disability insurance benefits and supplemental security income is AFFIRMED and plaintiff's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered July 20, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge